IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Case No. 3:25-cv-00156

SAM MUGRABY,

    Plaintiff,

v.

RYAN S. WHALEN, DDS, PA d/b/a
WHALEN DENTISTRY,

    Defendant.

## COMPLAINT

Plaintiff Sam Mugraby ("Plaintiff") sues defendant Ryan S. Whalen, DDS, PA d/b/a Whalen Dentistry ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of Israel.

2. Defendant is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at 21025 Catawba Ave, Ste 102, Cornelius, NC 28031. Defendant's agent for service of process is Ryan S. Whalen, D.D.S., 13424 McCoy Ridge Drive, Huntersville, NC 28078.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is an accomplished photographer and designer with over 17 years of experience throughout a broad range of sectors and genres. He has a unique ability to recognize the significance of authentic photography that represent and meet the needs of his clients.

7. Plaintiff is the owner of boxist.com, a stock photography service that designs and offers imagery in the manner of graphic designs, illustrations, and photos that can be acquired via licensing options.

8. Plaintiff's mission is to provide top notch service to all clients while offering innovative ideas that support business growth and progressive efforts.

### II. The Work at Issue in this Lawsuit

9. Plaintiff created a professional photograph of a pair of hands forming a heart in the sky titled "Heart in the Sky" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom center) Plaintiff's copyright management information as follows: "© Copyright by Boxist.com / All Rights Reserved." A copy of the Work is displayed below:



10. The Work was registered by Plaintiff with the Register of Copyrights on January 20, 2016 and was assigned Registration No. VA 2-000-962. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

12. Defendant owns and operates a dental office.

13. Defendant advertises/markets its business through its website (https://whalendentistry.com/), social media (e.g., https://www.facebook.com/WhalenDentistry, https://www.instagram.com/whalendentistry/, and https://www.youtube.com/@whalendentistry550/featured), and other forms of advertising.

14. On November 10, 2017 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social

media (at https://whalendentistry.com/a-thankful-heart/#):

[Screenshot of Defendant's webpage at whalendentistry.com/a-thankful-heart/ showing the copyrighted Work — a photograph of hands forming a heart shape against a sunset — alongside text: "As we all prepare for this month of family and friends and food let's take time to reflect on all we have. Even in the worst times, there are things to be grateful for. If it wasn't for the bad how could we ever appreciate the good! There is always so much to be thankful for, all you have to do is look!"]

15. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work, even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendant on notice that the Work was not intended for public use.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in August 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized

4
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228
Case 3:25-cv-00156-KDB-SCR   Document 1   Filed 03/05/25   Page 4 of 9

use.

20. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

23. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

25. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

27. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2025 Whalen Dentistry"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell

v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused, and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

33. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

34. As evidenced above, the Work contains copyright management information identifying Plaintiff as the owner/creator of the Work.

35. Defendant knowingly and with the intent to enable or facilitate copyright infringement, removed or altered the copyright management information from the Work in

violation of 17 U.S.C. § 1202(b). Defendant did not simply recklessly copy the Work in a pre-altered state – Defendant itself deliberately caused the copyright management information to be removed.

36. Defendant committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

37. If Defendant did not remove or alter the copyright management information itself, Defendant caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

38. As a direct and proximate result of Defendant's conduct in removing or altering the foregoing copyright management information, Plaintiff has been damaged.

39. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendant.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has violated Plaintiff's copyrights in the Work by removing or altering or causing to be removed or altered Plaintiff's copyright management information displayed thereon;

b. A declaration that such violation is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each infringement of each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

h. For such other relief as the Court deems just and proper.

Dated: March 5, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
gabriella@copycatlegal.com
pleadings@copycatlegal.com


By: /s/ Gabriella Lopez___
     Gabriella Lopez, Esq.
     *Of Counsel*